```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

MARCO SALDANA, et al.,         §
                               §
               Plaintiffs,     §
                               §
V.                             §   Civil Action No. 4:15-CV-227-Y
                               §
ZOE PEREGO, et al.,            §
                               §
               Defendants.     §
```

## OPINION AND ORDER

Before the Court is a pleading entitled "Habeas Corpus Relief Under 28 USC 2241," sent by inmate Tyson Johnson, prisoner ID number KU7801, on behalf of Marco Saldana and thirty-five other "Plaintiffs," to the Clerk of Court for filing. (Pet. 1, envelope, ECF No. 1.) After having considered the habeas petition and relief sought by the "plaintiffs," the Court has concluded that the petition should be summarily dismissed for lack of jurisdiction.

### I. Factual and Procedural History

No form § 2241 habeas petition was filed.[1] Instead, Johnson filed the above-referenced pleading, wherein he asserts (all punctuation and grammatical errors are in the original):

> Comes now, the plaintiffs, collectively, former inmates of the Texas Dept. of Criminal Justice, TDCJ filing this habeas corpus petition challenging the conditions of incarceration while illegally detained in Fort Worth Texas and other TDCJ institutions in Hobby, Marlin Texas, Huntsville, Gatesville. The manner in which our sentences were executed is unconstitutional and cruel and

---

[1] Nor was the applicable filing fee submitted.

unusual punishment under the 8th Amendment.

### FACTS

Plaintiffs were illegally incarcerated by the Defendants from 2006-2014 and Defendants committed a deliberate indifference on Plaintiffs lives under <u>Farmer v. Brennan</u>. The Defendants don't provide air conditioners which caused heat exhaustion on Plaintiffs, heat stroke and sickness, vomiting and hives.  Defendants are responsible.  Defendants provided inadequate diets. Plaintiffs only received 1725 calories a day.  Each Plaintiff lost weight, had tape worms.  Plaintiffs didn't get vitamin C, no protein by Defendants.  Plaintiffs were denied telephone access and 4 people to a cell with 110° heat, it was brutal.  Defendants provided no medical care, no dental work, no teeth cleaning.  Defendants denied Plaintiffs bedding and sheets.  Plaintiffs were denied pillows.  Plaintiffs were denied indigent packets of soup, toothpaste, tooth brush.  Plaintiffs were denied vocational training.  Each Plaintiff is on parole in Texas in other states were Defendants placed illegal detainers on Plaintiffs.  Plaintiffs seek the removal of these detainers and better conditions in prison.

### Relief

1)   Plaintiffs seek due process.
2)   Plaintiffs seek at least 2600 calories a day provided by law.
3)   Plaintiffs seek at least 6 hours in the law library - required by law.
4)   Plaintiffs seek air conditioning in the prison system.

(Pet. 1-2, ECF No. 1.)

The petition, signed by the thirty-six purported "plaintiffs," reflects that the "plaintiffs" reside in fifteen different states and that none of the "plaintiffs" are currently confined in either the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) or the Fort Worth jail, save for Nicole Thomas and Loretta Maxie who are both currently confined at the

2

Hobby Unit of TDCJ in Marlin, Texas.[2]

## II.  Discussion

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[3] Therefore, no service has issued upon "Defendants."

The writ of habeas corpus does not extend to a prisoner unless–

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority,

---

[2]The Court notes that in February 2015 a substantially similar petition, in what appears to be the same handwriting, was sent by inmate Christopher Donnelly, prisoner ID number JK5048, who is incarcerated in the same prison facility as Johnson and named "plaintiff" Wade Albright in Bellefonte, Pennsylvania. Pet., Donnelly v. Breivik, No. 4:15-CV-085-Y, ECF No. 1. That petition was dismissed for lack of subject matter jurisdiction on February 9, 2015.

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

3

    privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

    (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Moreover, a federal court must have jurisdiction over a prisoner or his custodian at the time a § 2241 is filed. *Lee v. Wetzel,* 244 F.3d 370, 374 (5th Cir. 2001). The "petitioners" have neither alleged nor demonstrated that they fall within one of the listed classes of persons who can petition for habeas corpus in federal court or that they are confined within the territorial jurisdiction of this Court. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004). Further, challenges to an inmate's conditions of confinement are properly brought in civil rights suits under 42 U.S.C. § 1983. Accordingly, this Court is without jurisdiction to entertain "plaintiffs" habeas petition under § 2241.

For the reasons discussed, the Court DISMISSES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by Marco Saldana on behalf of "plaintiffs" for lack of jurisdiction.

    SIGNED March 31, 2015.

                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE